UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                            Case No. 07-20084
-vs-                                            Hon. Avern Cohn

JIVAN YAKOOB,

    Defendant.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S
## MOTION TO DISMISS THE INDICTMENT

### I. Introduction

Defendant Jivan Yakoob ("Yakoob") is charged in a two-count indictment with attempt to coerce a minor to commit illegal sexual activity in violation of 18 U.S.C. § 2422(b) and travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). The indictment was returned after Yakoob engaged in a series of sexually explicit conversations in internet "chat rooms" with a law enforcement agent posing as a 13-year-old girl.[1] Yakoob, a Canadian citizen permanently residing in Michigan, ultimately arranged to meet his interlocutor and for the purpose of doing so traveled to a shopping mall in Windsor, Ontario, Canada, where he was taken into custody. Yakoob was charged with several crimes under Canadian law and apparently pled guilty to one or more of the

---

[1] Defendant's motion identifies the law enforcement officer who posed as the girl, Jason Belanger, as a detective with the police department of Windsor, Ontario, Canada. The government's reply identifies him as an FBI Special Agent.

charges, though the precise nature of his plea is not in the record. A grand jury in the Eastern District of Michigan subsequently returned the indictment presently before the Court. Yakoob moves to dismiss the indictment, arguing (1) that the crime was legally impossible to commit since the supposed "victim" was actually a law enforcement official, (2) that the indictment constitutes impermissible "double jeopardy" in light of his previous guilty plea to related criminal charges in a Canadian court, and (3) that the statutes at issue do not apply extraterritorially. Yakoob's arguments lack merit and his motion will be denied.[2]

## II. Impossibility

Yakoob argues that because he was actually communicating with a law enforcement official and not a minor girl as he supposed, it was impossible for him to commit the crime of coercing a minor to commit illegal sexual activity and the first count of the indictment must therefore be dismissed. The Sixth Circuit has not addressed the validity of an impossibility defense to a charge of attempted coercion. Six other circuits have decided a case on point, all of which held that a minor need not actually be involved to sustain a charge of violating § 2422(b). See, e.g., United States v. Tykarsky, 446 F.3d 458, 468-69 (3d Cir. 2006) ("In light of § 2422(b)'s text, legislative purpose and history, and the unlikeliness that Congress intended the now-disfavored doctrine of legal impossibility to apply, we hold that the lack of an actual minor is not a defense to charge of attempted persuasion, inducement, enticement or coercion of a minor in violation of § 2422(b).");

---

[2] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

United States v. Meek, 366 F.3d 705, 719 (9th Cir. 2004) ("The fact that Meek was mistaken in his belief that he was corresponding with a minor does not mitigate or absolve his criminal culpability; the simple fact of Meek's belief is sufficient as to this element of a § 2422(b) violation."). The reasoning of these decisions is persuasive; Yakoob cannot escape criminal liability based solely on the fortuitous fact that, unbeknownst to him, his correspondent was a law enforcement officer posing as a minor.

## III. Double Jeopardy

The Fifth Amendment provides in relevant part that "[n]o person shall be...subject for the same offence to be twice put in jeopardy of life or limb." Yakoob contends that, since he has already pled guilty to charges arising out of the same conduct in Canada, the Fifth Amendment requires that this case be dismissed. "Under the dual-sovereign doctrine, however, the double jeopardy clause does not apply to suits by separate sovereigns, even if both are criminal suits for the same offense." United States v. Jackson, 473 F.3d 660, 669 (6th Cir. 2007) (internal quotation marks omitted). There is no suggestion that any exception to the dual-sovereign doctrine applies in this case. Accordingly, Yakoob's double jeopardy argument is without merit.

## IV. Extraterritoriality

**A. 18 U.S.C. § 2422(b)**[3]

Yakoob argues that because he was communicating with a person in Canada, the charge of violating § 2422(b) should be dismissed as "the statute does not reach criminal activity outside the boundaries of the United States." This is incorrect. The alleged conduct that violated § 2422(b), use of a means of foreign commerce (the internet) to persuade a minor to engage in illegal sexual conduct, occurred while Yakoob was in the United States. The fact that Yakoob's correspondent was allegedly in Canada is irrelevant.

**B. 18 U.S.C. § 2423(b)**[4]

Yakoob urges that § 2423(b) "refers to a person who travels in foreign commerce but does not specifically address the type of behavior at issue in this case," and that extraterritorial application of the statute is therefore improper. This argument is difficult to fathom. The statute criminalizes travel in foreign commerce for the purpose of engaging in illicit sexual conduct, as Yakoob allegedly did. The language of the statute clearly contemplates extraterritorial application, and such application does not run afoul of

---

[3] 18 U.S.C. § 2422(b) provides: "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both."

[4] 18 U.S.C. § 2423(b) provides: "A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."

4

international law or due process or exceed Congress's power under the Foreign Commerce Clause. See United States v. Clark, 435 F.3d 1100 (9th Cir. 2006).

## V. Conclusion

For the reasons stated above, Yakoob's motion to dismiss the indictment is **DENIED**.

SO ORDERED.

                                                          s/Avern Cohn
                                                          AVERN COHN
                                                          UNITED STATES DISTRICT JUDGE

Dated: January 4, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 4, 2008, by electronic and/or ordinary mail.

                                                          s/Julie Owens
                                                         Case Manager, (313) 234-5160