UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

              vs.

JIVAN YAKOOB,

    Defendant.

_____/

Case No. 07-20084

Hon. AVERN COHN

**<u>DEFENDANT'S COMBINED MOTION AND BRIEF
TO DISMISS THE INDICTMENT
BASED UPON GOVERNMENT ENTRAPMENT
AS A MATTER OF LAW</u>**

      The defendant, Jivan Yakoob, by and through the undersigned counsel, hereby moves this Honorable Court for an order dismissing the indictment because the government engaged in impermissible entrapment as a matter of law.

      Count one of the indictment charges Mr. Yakoob with Coercion To Commit Illegal Sexual Activity, 18 U.S.C. § 2422(b), which carries a mandatory minimum sentence of 10 years of incarceration and up to life maximum.  Count two charges Mr. Yakoob with Travel With The Intent To Engage In Illicit Sexual Conduct, 18 U.S.C. § 2423(b), which carries no mandatory minimum and up to 30 years maximum.

      According to discovery material provided by the government, these charges stem from a joint investigation between the Windsor Police Service (WPS) and the

United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) as part of "Project Guardian". During the course of the investigation, which began on October 4, 2006, WPS officers and ICE Special Agents worked in tandem to identify the source of sexually suggestive internet "chats" between someone in the United States and an undercover WPS officer in Canada.[1]

FACTS

According to the government's discovery material,

> On Wednesday, October 4th, 2006 at approximately 2003hrs, Det. Jason Belanger, a Windsor Police Officer was logged onto the Internet and into Yahoo! Messenger in an undercover capacity, as a fictional 13 year old female named "Cassie", using the screen name of "luv_buckets_13". BELANGER was sitting idle in a general chat room called "Detroit". Yahoo! Messenger is a popular chat client available free to the general public.
>
> "luv_buckets_13" is the Yahoo! Public profile being used in Project Guardian, an initiative that was undertaken by the Windsor Police Service to identify, arrest, and prosecute individuals using the Internet for the purposes of committing Criminal Code offences related to "luring" children under the age of 14yrs for sexual purposes. This profile was created by Det. BELANGER on September 14, 2006. Yahoo is a free service offered to the general public at large. A photo was uploaded to the profile. This is an actual photo of a real female who was 13 years of age at the time the photo was taken. An undercover female officer was also used to make telephone contact with the suspect on a few occasions throughout the investigation.

---

[1] *See* Defendant's Motion to Dismiss for Violation of 18 U.S.C. § 4111 and the U.S. – Canadian Extradition Treaty for additional details regarding the joint investigation.

> "luv_buckets_13" 's fictional name is "Cassie". She is a 13 year old girl born on August 20, 1993. She lives in Windsor's west end and she is a grade 8 student. She lives with her mother and she has her own computer. She has no microphone and no webcam for her computer.

[Sic.]

Government's Discovery at 4

ENTRAPMENT

By setting up this fictitious on-line persona in Canada, law enforcement entrapped Mr. Yakoob into allegedly committing a federal crime whose jurisdiction derives solely from the fictitious female being in Canada.

Moreover, the screen name "luv_buckets_13" is overtly sexually suggestive of sexual activity with a minor child in Canada. Its use constitutes entrapment. There is no evidence suggesting that Mr. Yakoob was predisposed toward illicit sexual activity with a minor child in Canada. While Mr. Yakoob's screen name was admittedly "iwantmesomebooty", there is nothing overtly sexual about the Yahoo chat room "Detroit" where Mr. Yakoob encountered "luv_buckets_13". Moreover, there is no evidence to suggest that Mr. Yakoob was interested in illicit sex with a child in Canada until after he encountered the overtly sexual screen name involving a fictitious Canadian child whose supposed photo and profile was posted on the internet.

"The courts must be vigilant in protecting citizens against agents of the Government who 'implant in the mind of an innocent person the disposition to commit [a crime] and induce its commission in order that they may prosecute.'" *United States v. Kussmaul*, 987 F.2d 345, 348 (6th Cir. 1993), citing *Sorrells v. United States*, 287 U.S. 435, 442 (1932). The 6th Circuit in *Kussmaul* went on to state,

> At the same time,
>
>> [i]t is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises.
>
> [*Sorrells* 287 U.S. at 441]. The Government must therefore prove beyond a reasonable doubt that a predisposition to commit the particular crime for which the defendant was indicted existed prior to and independent of Government contact with him. [*United States v. Jacobson*, 503 U.S. 540, 541 (1992)]. Predisposition is "the defendant's state of mind before his initial exposure to government agents." United States v. Johnson, 855 F.2d 299, 303 (6th Cir. 1988).
>
> In *Jacobson,* Government agents maintained continual contact with the defendant corresponding with him and sending him leaflets purporting to be from organizations dedicated to free speech rights, "sexual freedom" and "freedom of choice," which suggested that child pornography, pedophilia and other aberrations should be legalized. [*Jacobson*, 503 U.S. at 542]. Only after some two and a half years did the agents provide the defendant with the opportunity to order child pornography through the mail, and then convicted him when he took the bait. The Court held that the jury was left with no way adequately to determine that "petitioner possessed the requisite predisposition prior to the Government's investigation and that it existed independent of the Government's many and varied approaches to petitioner." *Id.*

The Supreme Court in *Jacobson* required that the government be able to demonstrate, beyond a reasonable doubt, that a defendant had the "inclination to commit the crime with which he is charged, and that his criminal inclination did not

possibly result from the seductions of Government agents." *Kussmaul*, 987 F.2d at 349. The government cannot make such a showing here.

Dismissal of the indictment based upon entrapment as a matter of law is warranted where the undisputed evidence demonstrates a patently clear absence of predisposition. *See United States v. Tucker*, 28 F.3d 1420, 1428 – 1429 (6th Cir. 1994). Moreover, as is true in the instant case, entrapment due to outrageous government conduct "does not present any question for the jury to decide[, rather it is a] question of law for the court." *United States v. Pelkington*, 841 F.2d 1127, 1998 WL 18753 (6th Cir. 1998) (unpublished, citations omitted).

When determining whether Mr. Yakoob was entrapped, this court

> must determine 'whether law enforcement officials implanted a criminal design in the mind of an otherwise law-abiding citizen or whether the Government merely provided an opportunity to commit a crime to one who is already predisposed to do so.' When the uncontradicted evidence shows lack of predisposition, entrapment can be determined as a matter of law. To determine [Mr. Yakoob's] state of mind prior to his initial exposure to Government agents, [the court must] consider the following factors:
>
> > [T]he character or reputation of the defendant, including any prior criminal record; whether the suggestion of the criminal activity was initially made by the Government; whether the defendant was engaged in criminal activity for profit; whether the defendant evidenced reluctance to commit the offense, overcome only by repeated Government inducements or persuasion; and the nature of the inducement or persuasion supplied by the Government.

*United States v. Moore*, 916 F.2d 1131, 1136 – 1137 (6th Cir. 1990) (citations omitted).

Mr. Yakoob has no criminal record. There is no evidence that suggests Mr. Yakoob ever had an interest in illicit sexual activity with minors outside of Michigan until

after he encountered the "luv_buckets_13" internet posting and profile. The suggestion of criminal activity was initially made by the government in the instant case.

Because there is nothing that suggests Mr. Yakoob was predisposed to commit the offense, or that had the wherewithal to do so prior to being lured by government agents who utilized the internet persona of a fictitious 13 year old female with an overtly sexual screen name of "luv_buckets_13", dismissal is warranted. *See United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000) (defendant's conviction reversed where evidence was insufficient to support finding of predisposition to commit crime of crossing state lines for purpose of engaging in sex acts with a minor).

WHEREFORE, defendant respectfully moves this Honorable Court for an order dismissing the Indictment, since Mr. Yakoob was entrapped as a matter of law.

Respectfully Submitted,

/s John Freeman
JOHN FREEMAN
Attorney for Mr. Yakoob
Liberty Center, Suite 200
100 W. Big Beaver Rd.
Troy, MI 48084
(248) 526-0555
formerfedlawyer@hotmail.com
www.formerfedlawyer.com

June 16, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send an electronic notification of such filing to AUSA Jeanine Jones.

/s John Freeman
JOHN FREEMAN
Attorney for Mr. Yakoob
Liberty Center, Suite 200
100 W. Big Beaver Rd.
Troy, MI 48084
(248) 526-0555
formerfedlawyer@hotmail.com
www.formerfedlawyer.com