

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO.: 07-20084 |
| Plaintiff, | HONORABLE AVERN COHN |
| v. | OFFENSE: Count 2 - 18 U.S.C. 2423(b) - Travel with intent to commit to engage in illicit sexual conduct |
| D-1 JIVAN YAKOOB, | STATUTORY INCARCERATION PERIOD: Up to 30 Years - (Count II) |
| Defendant. | STATUTORY FINE AMOUNT: Up to $250,000.00 |

_____/

FILED
FEB 12 2009
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

### RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, defendant's attorney, and the U.S. Attorney for the Eastern District of Michigan ("U.S. Attorney") agree as follows:

1.   **Guilty Plea.**

   A.   Defendant will plead guilty to count TWO of the indictment. Any other counts against defendant in this case will be dismissed following the Court's acceptance of the plea to Count Two and sentencing of same. Defendant acknowledges that the court

may consider these other counts and any other relevant conduct in determining the appropriate sentence.

B. The elements of the offense that the government would need to prove beyond a reasonable doubt at trial in Count 2 are:

1. That the Defendant knowingly traveled in interstate or foreign commerce.

2. That the Defendant did so for the purpose of engaging in illicit sexual conduct; to-wit: indecent act/exposing genitals to a person under 14.

C. The parties stipulate that the following facts are true:

From October 4, 2006 through November 17, 2006, Defendant Yakoob engaged in a series of online conversations with an undercover Windsor, Canada police officer whom he believed to be a 13 year-old-girl. He indicated a desire to engage in sexual contact with the 13 year-old girl. [redacted]

As a result of the conversations Yakoob planned to travel from Madison Heights, Michigan to Windsor, Canada to meet with the 13 year-old-girl. On November 17, 2006, Yakoob drove from Michigan to Canada. Upon his arrival at the Chapters bookstore at Devonshire Mall in Windsor, Canada, Yakoob was arrested by authorities from the Windsor Police Department.

Counsel for the respective parties stipulate and agree that in the State of Michigan, such conduct as proposed by Yakoob would constitute the crime of indecent act/exposing genitals to a person under 14, in violation of Canadian Code §173(2).

2. SENTENCING GUIDELINES

A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

2

B. <u>Agreed Guideline Range</u>

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 46-57 months, as set forth on the attached worksheets. If the Court finds:

> a) that defendant's criminal history category is higher than reflected on the attached worksheets, or
>
> b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 46-57 months, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the applicable sentencing guideline range and the facts related to this case.

A. <u>Imprisonment</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the guideline range of 46-57 months as determined by Paragraph 2B.

B. <u>Supervised Release</u>

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is at least 5 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C. <u>Special Assessment(s)</u>

Defendant will pay a special assessment of $100.00 and must provide the government with a receipt for the payment before sentence is imposed.

D. <u>Fine</u>

The Court may impose a fine on each count of conviction in any amount up to $100,000.

      E.    <u>Restitution</u>

The Court shall order restitution to every identifiable victim of defendant's offense(s). The parties agree that there is no restitution that is owed in this case.

4. <u>Use of Withdrawn Guilty Plea</u>

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5. <u>OTHER CHARGES</u>

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

6. <u>WAIVER OF APPEAL RIGHTS</u>

If the court imposes a sentence that does not exceed the top of the range described in Paragraph 2 of this agreement, defendant waives any right he may have to appeal his conviction or sentence. If the court imposes a sentence that is not below the bottom of the range specified in Paragraph 2, the U.S. Attorney waives any right he may have to appeal the sentence.

7. <u>No other terms</u>.  This document is the entire agreement between the defendant and the U.S. Attorney with respect to the charges noted above in this criminal case.  It does not prevent any civil or administrative actions against defendant or any property owned by him, by the U.S. Attorney or any other party. There are no other parties to this agreement.

8. <u>Acceptance of agreement</u>.  This offer automatically expires unless it has been received (fully signed) in the Office of the U.S. Attorney by 5:00 P.M. on <u>February 10, 2009</u>.  The U.S. Attorney reserves the right to modify or revoke the offer prior to defendant's plea of guilty.

TERRENCE BERG
Acting United States Attorney

_____
John N. O'Brien II
Assistant U.S. Attorney
Deputy Chief, General Crimes Unit

Dated: 2/9/09

_____
Jeanine M. Jones
Assistant United States Attorney

By signing this document, the defendant acknowledges that he has read (or been read) this entire document, understands it and agrees to its terms; and also acknowledges that he is satisfied with his attorney's advice and representation.

_____
Jivan Yakoob
Defendant

_____
John Freeman
Attorney for Defendant Yakoob

Dated: 02/12/09

6

# ADDENDUM
# RULE 11 PLEA AGREEMENT

### Notice Regarding Sex Offender Registration and Notification Act

The defendant acknowledges that defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and maintain current registration in each of the following jurisdictions: where the defendant resides, where the defendant is employed, and where the defendant is a student. Defendant acknowledges that defendant must provide his/her name, residence address, and the names and addresses of any place where defendant is or will be an employee or student, among other information. Defendant further acknowledges that defendant will be required to keep the registration current, including by informing at least one jurisdiction in which defendant resides, works, or is a student not later than three business days after any change of name, residence, employment or student status. Defendant has been advised and understands that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

_____  
JIVAN YAKOOB  
Defendant  

02/12/09

_____  
JOHN FREEMAN  
Counsel for Defendant Yakoob

## WORKSHEET A   (Offense Levels)

Defendant: __Jivan Yakoob__   Count(s): __II__

Docket No.: __07-20084__   Statute(s) __18 USC 2423(b)__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS** (U.S.S.G. ch. 2)

   | Guideline Section | Description | Levels |
   |---|---|---|
   | 2G1.3(a)(4) | Base offense | 24 |
   | 2G1.3(b)(3)(B) | Use of computer | 2 |

2. **ADJUSTMENTS** (U.S.S.G. ch. 3, pts. A, B, C)

   | Guideline Section | Description | Levels |
   |---|---|---|
   |   |   |   |

3. **ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

   **26**

   ********************

   *If this is the only Worksheet A, check this box and skip Worksheet B.*  ☑

   *If the defendant has no criminal history, check this box and skip Worksheet C.*  ☑

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

**Instructions** (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNTS** _____
   **ADJUSTED OFFENSE LEVEL**                         [     ]        [ unit ]

2. **GROUP TWO: COUNTS** _____
   **ADJUSTED OFFENSE LEVEL**                         [     ]        [ unit ]

3. **GROUP THREE: COUNTS** _____
   **ADJUSTED OFFENSE LEVEL**                         [     ]        [ unit ]

4. **GROUP FOUR: COUNTS** _____
   **ADJUSTED OFFENSE LEVEL**                         [     ]        [ unit ]

5. **TOTAL UNITS**                                                   [ units ]

6. **INCREASE IN OFFENSE LEVEL**

    1 unit → no increase           2½-3 units → add 3 levels
    1½ units → add 1 level         3½-5 units → add 4 levels
    2 units → add 2 levels         >5 levels → add 5 levels                 [     ]

7. **ADJUSTED OFFENSE LEVEL OF GROUP
   WITH THE HIGHEST OFFENSE LEVEL**                                          [     ]

8. **COMBINED ADJUSTED OFFENSE LEVEL**                                       [     ]

    Enter the sum of the offense levels entered in Items 6 and 7.

(rev. 06/99)

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): _____

1. **PRIOR SENTENCES**

   **Prior Sentence of Imprisonment Exceeding 13 Months** (U.S.S.G. §§ 4A1.1(a)):    **3 POINTS**

   Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

   **Prior Sentence of Imprisonment of at Least 60 Days** (U.S.S.G. §§ 4A1.1(b)):    **2 POINTS**

   Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

   **Other Prior Sentences** (U.S.S.G. §§ 4A1.1(c)):    **1 POINT**

   Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |

\*  If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*  A release date is required in only three situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

(WORKSHEET C, p. 2)

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

   ☐

3. **COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

   ☐

4. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))**

   Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

   ☐

5. **TOTAL CRIMINAL HISTORY POINTS**

   Enter the sum of the criminal history points entered in Items 1-4.

   **0**

6. **CRIMINAL HISTORY CATEGORY**

   | Total Criminal History Points | Criminal History Category |
   |---|---|
   | 0 – 1 | I |
   | 2 – 3 | II |
   | 4 – 6 | III |
   | 7 – 9 | IV |
   | 10 – 12 | V |
   | ≥ 13 | VI |

   **I**

   (rev. 06/99)

# WORKSHEET D  (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**

    Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

     26

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**

     -3

3. **TOTAL OFFENSE LEVEL**

    Enter the difference between Items 1 and 2.

     23

4. **CRIMINAL HISTORY CATEGORY**

    Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

     I

5. **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

    a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

    b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**

    Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

     46-57 months

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

    If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

     months

(rev. 06/99)

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

    [✓] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    [ ] 2. No more than 3 years (total offense level < 6).

    c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    [✓] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

4. **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐ 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐ 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☑ 4. The statute of conviction requires a minimum term of supervised release of __60__ months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION** (U.S.S.G. § 5E1.1)

☐ 1. The court will determine whether restitution should be ordered and in what amount.

☐ 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

☐ 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

☐ 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☑ 5. Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

6. **FINE** (U.S.S.G. § 5E1.2)

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | **Minimum Fine** | **Maximum Fine** |
   |---|---|
   | $ 10,000.— | $ 100,000.— |

7. **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $ 100.—.

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9. **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range. _____

   _____

(rev. 06/99)